FILED

2023 MAY 11  PM 3: 05

CLERK. US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

IN RE MATTER OF THE
APPLICATION OF B&C KB HOLDING
GMBH FOR AN ORDER TO TAKE
DISCOVERY PURSUANT TO 28 U.S.C.
§ 1782 FROM THE TEACHER
RETIREMENT SYSTEM OF TEXAS

Case No.

**1:23MC00529** **RP**

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
FOR AN ORDER TO TAKE DISCOVERY
<u>PURSUANT TO 28 U.S.C. § 1782</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION .............................................................................................................. 1

ARGUMENT .................................................................................................................... 3

    I.    The Application Satisfies the Statutory Requirements of 28 U.S.C. § 1782. ..................... 5

        A.    The Teacher Retirement System of Texas Resides or is Found in the Western District of Texas ................................................................................................................ 5

        B.    B&C Is an "Interested Person" under Section 1782. ..................................................... 5

        C.    The Evidence Requested is "For Use" in Foreign Proceedings ...................................... 7

    II.    All Discretionary Factors Favor Granting the Application ................................................ 9

        A.    Discovery is not Sought from a Party to the Foreign Proceeding ................................... 9

        B.    The Foreign Tribunal is Receptive to the Requested Discovery. ................................. 10

        C.    B&C is not Circumventing any Foreign Law Proof-Gathering Restrictions ................ 11

        D.    The Discovery Requests are not Unduly Intrusive or Burdensome .............................. 12

CONCLUSION ............................................................................................................... 14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Application of Furstenberg Fin. SAS v. Litai Assets LLC,*
877 F.3d 1031 (11th Cir. 2017) ................................................................. 6

*Bravo Express Corp. v. Total Petrochemicals & Refining U.S.,*
613 Fed App'x 319 (5th Cir. 2015) ................................................... 3, 4, 13

*Ecuadorian Plaintiffs v. Chevron Corp.,*
619 F.3d 373 (5th Cir. 2010) ................................................................. 10

*Eni Ghana Expl. & Prod. Ltd v. Gaffney Cline & Assocs., Inc,*
2022 WL 3156224 (S.D. Tex. Aug. 8, 2022) ........................................... 10

*In re Accent Delight,*
791 F. App'x 247 (2d Cir. 2019) ............................................................. 12

*In re Accent Delight,*
869 F.3d 121 (2d Cir. 2017) ..................................................................... 9

*In re Al-Attabi,*
2022 WL 229784 (S.D.N.Y. Jan. 26, 2022) ............................................. 12

*In re Arida, LLC,*
19-MC-522 2020 WL 7496355 (S.D.N.Y. Dec. 21, 2020) .......................... 8

*In re B&C KB Holding GmbH,*
2023 WL 1777326 (S.D.N.Y. Feb. 6, 2023) ..................................... Passim

*In re Berlamont,*
773 F.3d 456 (2d Cir. 2014) ..................................................................... 7

*In re Caceres,*
2020 WL 2523120 (S.D. Miss. May 18, 2020) ........................................... 7

*In re Clerici,*
481 F.3d 1324 (11th Cir. 2007) ............................................................... 10

*In re Empresa Publica De Hidrocarburos Del Ecuador - EP Petroecuador v. WorleyParsons
Int'l, Inc.,*
2020 WL 13412872 (S.D. Tex. Apr. 13, 2020) ................................. 6, 7, 10

*In re Eurasian Bank Joint Stock Company,*
   2015 WL 6438256 (N.D. Tex. Oct. 21, 2015)..................................................... 10, 11

*In re Furstenberg Fin. SAS,*
   2016 WL 10707012 (S.D. Fla. July 27, 2016) .......................................................... 6

*In re HydroDive Nigeria, Ltd.,*
   2013 WL 12155021 (S.D. Tex. May 29, 2013)........................................... 7, 8, 9, 11

*In re Shervin Pishevar,*
   439 F. Supp. 3d 290 (S.D.N.Y. 2020) ...................................................................... 8

*In re Consumer Court of Istanbul in Istanbul, Turkey,*
   2021 WL 6750936 (W.D. Tex. June 11, 2021) ................................................... 5, 10

*In re Solines,*
   2018 WL 2225134 (E.D. La. Apr. 30, 2018)............................................................ 10

*In re Solines,*
   2018 WL 2219357 (E.D. La. May 15, 2018) ........................................................... 10

*In re Veiga,*
   746 F. Supp. 2d 8 (D.D.C. 2010)............................................................................... 8

*In re Xiaomi Tech. Germany GmbH,*
   2022 WL 4009046 (W.D. Tex. Sept. 2, 2022) ........................................................... 5

*In re Xiaomi Tech. Germany GmbH,*
   2022 WL 17815724 (W.D. Tex. Sept. 19, 2022) ....................................................... 5

*Intel Corp. v. Advanced Micro Devices, Inc.,*
   542 U.S. 241 (2004) .......................................................................................Passim

*LEG Q LLC v. RSR Corp.,*
   2017 WL 3780213 (N.D. Tex. Aug. 31, 2017) .......................................................... 5

*Maxell, Ltd. v. Apple Inc.,*
   2021 WL 3012355 (E.D. Tex. Jan. 27, 2021) .................................................... 11, 12

*Mees v. Buiter,*
   793 F.3d 291 (2d Cir. 2015) ..................................................................................... 9

*Texas Keystone, Inc. v. Prime Nat. Res., Inc.,*
   694 F.3d 548 (5th Cir. 2012) .............................................................................. 3, 13

*Wiwa v. Royal Dutch Petroleum Co.*,
  392 F.3d 812 (5th Cir. 2004) ................................................................................................ 13

**Statutes**

28 U.S.C. § 1782 ................................................................................................................ passim

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................ 10

B&C KB Holding GmbH ("B&C" or "Applicant") respectfully submits this memorandum of law in support of its application for an order from this Court pursuant to 28 U.S.C. § 1782 authorizing it to serve subpoenas for documents and testimony on the Teacher Retirement System of Texas ("Respondent"). All capitalized terms not otherwise defined herein shall have the meaning as defined in the accompanying application.

## INTRODUCTION

As set forth in greater detail in the accompanying application and supporting declarations, B&C seeks evidence for use in a criminal investigation currently pending in Austria (the "Criminal Investigation"). The Criminal Investigation centers on suspicion of aggravated fraud, manipulation of financial statements, and other criminal misconduct by former executives at European-based Schur Flexibles group of companies ("Schur Flexibles Group" or "Schur").

B&C is an interested party and a victim of the crimes being investigated. On September 30, 2021, B&C purchased from Atlas Flexibles Coöperatief U.A. ("AF Coop") and Lindsay Goldberg Europe GmbH ("LGE" and, together, "LG Sellers") an 80% interest in the Schur Flexibles Group (the "Sale"), for a base purchase price of approximately EUR 258.4 million (approximately US $300 million) and other consideration. After the Sale, beginning in late December 2021, B&C discovered severe irregularities at Schur, including evidence that the EBITDA (earnings before interest, taxes, depreciation and amortization) reflected in Schur's consolidated financial statements for 2018 through 2020 was materially overstated, such that B&C's equity investment was, in reality, worthless when B&C acquired Schur.

At present, the Austrian Prosecutor is conducting a criminal investigation into the misconduct of at least three former executives at Schur Flexibles Group, including LGE Managing Partner Thomas Unger ("Unger"). The state police supporting the Austrian Prosecutor have

conducted searches of the homes of three former Schur executives and are conducting interviews of various Schur Flexibles Group employees and other persons.

Respondent is found in this District and is expected to possess information that will likely aid the subject foreign proceedings. Upon information and belief, Respondent is a limited partner in one or more investment funds (the "LG Funds") managed by Goldberg Lindsay & Co. LLC ("Lindsay Goldberg"), a New York-based private equity firm, or its affiliates. The LG Funds hold a controlling interest in AF Coop (one of the LG Sellers), which was Schur's majority owner until it sold a controlling stake to B&C through the Sale.

As a limited partner in the LG Funds, Respondent is expected to possess communications regarding its investment in the LG Funds, which is expected to include information concerning the reported value of Schur, as well as the efforts by Schur's former owners and management to sell a controlling interest in it to B&C. This information is relevant to the Criminal Investigation.

Respondent is also expected to have received a portion of, or has information or communications concerning, the sale proceeds paid by B&C for the purchase of Schur, including the present whereabouts of any such proceeds received by Respondent or for its benefit. This information is likewise relevant to Criminal Investigation. Proceeds procured by criminal fraud can potentially be seized and subjected to forfeiture under Austrian Law.

In February 2023, the United States District Court for the Southern District of New York granted a related Section 1782 application that B&C brought in July 2022, seeking evidence for use in the Criminal Investigation from Lindsay Goldberg and Michael Dees, a Managing Partner at Lindsay Goldberg ("Dees"). *In re B&C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 1777326 (S.D.N.Y. Feb. 6, 2023). United States Magistrate Judge Figueredo (who was referred the motion) held that B&C's application satisfies the statutory requirements under Section

1782, including that B&C is an "interested person" under Section 1782 and that the discovery requested by B&C is "for use" in a foreign proceeding. The court also held that B&C's application satisfies Section 1782's discretionary factors, which all weigh in favor of granting the application. *Id.* Lindsay Goldberg and Dees have objected to the decision and, to date, not produced any documents or given testimony in response to the subpoenas.

## **ARGUMENT**

The Court should grant this Application because (i) B&C satisfies the statutory requirements for relief under Section 1782; and (ii) all four discretionary *Intel* factors heavily favor granting the Application.

Section 1782 allows federal district courts to authorize litigants to obtain evidence for use in foreign proceedings. In pertinent part, 28 U.S.C. § 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

Thus, a district court is authorized to grant an application pursuant to 28 U.S.C. § 1782 if an applicant satisfies the following statutory requirements: (1) the party from whom the discovery is sought resides or is found in the district where the application is made; (2) the discovery is intended "for use" in a foreign proceeding; and (3) the application is made by an "interested person" in the foreign proceeding. *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004) (citing statutory factors); *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*, 613 Fed App'x 319, 322 (5th Cir. 2015) (same); *Texas Keystone, Inc. v. Prime Nat. Res.,*

3

*Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (same).    This Application meets all the statutory requirements.

Once the statutory prerequisites are met, courts consider four discretionary factors set forth by the Supreme Court in *Intel*: (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (iii) whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies"; and (iv) whether the discovery sought is "unduly intrusive or burdensome[.]"  542 U.S. at 264-65; *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*, 613 Fed App'x at 323.    District courts have broad discretion in granting judicial assistance to foreign tribunals to obtain evidence for use in a foreign proceeding. *See Intel*, 542 U.S. at 259.

In a thorough, well-reasoned opinion, Magistrate Judge Figueredo of the United States District Court for the Southern District of New York considered each and every statutory requirement and discretionary *Intel* factor with respect to B&C's application seeking discovery from Lindsay Goldberg and Dees in aid of the Criminal Investigation.    As Judge Figueredo concluded there, all statutory requirements were met, and each of the discretionary factors favor granting the application. *In re B&C KB Holding GmbH*, 2023 WL 1777326.    The Court should grant this application as well.

I.    **The Application Satisfies the Statutory Requirements of 28 U.S.C. § 1782.**

The Application satisfies each of the three statutory requirements of Section 1782.

    A.    ***The Teacher Retirement System of Texas Resides or is Found in the Western District of Texas.***

Respondent Teacher Retirement System of Texas resides or is found in this District at 1000 Red River Street, Austin, Texas 78701.  Declaration of Zachary D. Rosenbaum ("Rosenbaum Declaration"), Ex. C.

Courts in this Circuit have found that a respondent corporation "resides or is found" in a district where "it is headquartered or incorporated." *In re Xiaomi Tech. Germany GmbH*, No. 22-MC-768 (LY), 2022 WL 4009046, *2 (W.D. Tex. Sept. 2, 2022), rejected on other grounds, *In re Xiaomi Tech. Germany GmbH*, No. 22-MC-768 (LY), 2022 WL 17815724 (W.D. Tex. Sept. 19, 2022); *In re Consumer Court of Istanbul in Istanbul, Turkey*, No. 21-MC-476 (RP), 2021 WL 6750936, *2 (W.D. Tex. June 11, 2021) (Respondent "'resides or is found in' the Western District of Texas because her address . . . is in Austin, Texas."); *LEG Q LLC v. RSR Corp.*, No. 17-CV-1559, 2017 WL 3780213, at *2 (N.D. Tex. Aug. 31, 2017) (Respondents "reside or may be found" in the Northern District of Texas because they were "headquartered and maintain[ed] their principal places of businesses" there).

Here, Respondent is headquartered in the Western District of Texas. *See* Rosenbaum Decl., Ex. C.  As such, Respondent "resides or is found in" the Western District of Texas.

    B.    ***B&C Is an "Interested Person" under Section 1782.***

As Judge Figueredo recently held, B&C is "an 'interested person' within the meaning of the statute" because it is "the alleged victim of the fraud involving Schur that is being investigated in the Austrian and German criminal proceedings," is participating as such in those investigations,

and "has the right to submit evidence to the prosecutors in both criminal proceedings." *In re B&C KB Holding GmbH*, 2023 WL 1777326, *3.

In *Intel*, the Supreme Court rejected the argument that only litigants (but not complainants) can be "interested person[s]" under Section 1782 and found that a complainant who "has a significant role in the [investigation] process" and possesses "participation rights" therein, including "the right to submit information" during the investigation, was an "interested person." 542 U.S. at 256-57. While the facts of *Intel* involved an antitrust investigation conducted by the European Commission, courts have applied its holding in the context of a criminal investigation, concluding that "[w]hen criminal actions are commenced in which Applicants are complainants," as is the case here, "they would possess these 'participation rights' upon which the Court relied in *Intel* to determine the applicants in that case were 'interested persons.'" *In re Furstenberg Fin. SAS*, No. 16-MC-60266, 2016 WL 10707012, at *4 (S.D. Fla. July 27, 2016), *aff'd sub nom. Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. 2017) ("[B]ecause Applicants will be parties in a criminal action . . . , thus possessing the 'participation rights' relied upon by the Supreme Court, this Court finds that Applicants satisfy the 'interested persons' element of Section 1782."); *In re Empresa Publica De Hidrocarburos Del Ecuador - EP Petroecuador v. WorleyParsons Int'l, Inc.*, No. 19-MC-2534, 2020 WL 13412872, at *5 (S.D. Tex. Apr. 13, 2020) ("Because Applicant can exercise 'participation rights' in the criminal prosecutions in Ecuador, Applicant qualifies as an 'interested person' under § 1782(a).").

Applying that precedent, Judge Figueredo concluded that B&C, which is or will be participating as the victim in the Criminal Investigation and has a right to submit evidence to the

Austrian Prosecutor, qualifies as an "interested person." *In re B&C KB Holding GmbH*, 2023 WL 1777326, *3. For the exact same reason, this statutory requirement is met here as well.

### C.    *The Evidence Requested is "For Use" in Foreign Proceedings.*

The discovery sought through this Application is for use in the pending Criminal Investigation.

*First*, the Criminal Investigation is a "foreign proceeding" under Section 1782. *In re B&C KB Holding GmbH*, 2023 WL 1777326, *4 ("[T]here is no dispute that the Austrian investigation is a qualifying foreign proceeding for purposes of Section 1782"). Indeed, in describing the kinds of foreign proceedings for which Section 1782 permits discovery, the statute specifically includes "criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 258 (holding that proceedings that have not "progressed beyond the investigative stage" can qualify for discovery under Section 1782); *In re HydroDive Nigeria, Ltd.*, No. 13-MC-0477, 2013 WL 12155021, at *2-3 (S.D. Tex. May 29, 2013) (citing *Intel* in allowing discovery that may support an investigation by a Nigerian "statutory body.")

Under Section 1782, foreign criminal investigations, like the Criminal Investigation here, satisfy the statute's "for use" requirement. *See, e.g., In re Empresa Publica De Hidrocarburos Del Ecuador – EP Petroecuador*, 2020 WL 13412872 (allowing discovery in aid of criminal investigations and proceedings in Ecuador); *In re Caceres*, No. 19-MC-405 (KS) (RHW), 2020 WL 2523120 (S.D. Miss. May 18, 2020) (granting application for discovery for use by private plaintiffs in criminal proceedings in Honduras); *see also In re Berlamont*, 773 F.3d 456, 457, 461-62 (2d Cir. 2014) ("The Swiss criminal investigation in the instant case is exactly the type of proceeding that" Section 1782 "intended to reach.").

*Second*, the evidence being sought is "for use" in the Criminal Investigation. As explained in the accompanying Declaration of Dr. Michael Rohregger, B&C, as the victim of the potential crimes under investigation in Austria, is an interested party to those proceedings. *See* Rohregger Decl. ¶ 40. The proposed subpoenas call for documents and deposition testimony that are relevant to the Criminal Investigation. *Id.* ¶ 42. Further, under Austrian law, B&C has the right to submit evidence to the prosecutor and help guide the investigation, and indeed B&C intends to submit any evidence that it receives from Respondent. *Id.* ¶ 40. Indeed, under Austrian law, the Austrian prosecutor is obligated under Austrian law to consider the evidence submitted by B&C. *Id.* ¶ 41.

As explained by Judge Figueredo, "an applicant need make only a '*de minimis* showing that the information sought is "for use"' in a reasonably contemplated criminal foreign proceeding." *In re B&C KB Holding GmbH*, 2023 WL 1777326, *5 (quoting *In re Shervin Pishevar*, 439 F. Supp. 3d 290, 302-03 (S.D.N.Y. 2020)); *see also In re HydroDive Nigeria, Ltd.*, 2013 WL 12155021, at *3 ("The burden imposed on the applicant on [the 'for use'] issue is *de minimis*."). B&C, moreover, is "not required to show that the [Respondent was] involved in the wrongdoing that is subject of the foreign criminal investigations in order to obtain discovery pursuant to Section 1782. . . . All that is required is a showing that [Respondent] posses[es] information that is relevant to the foreign proceeding." *In re B&C KB Holding GmbH*, 2023 WL 1777326, *5 (citing *In re Arida, LLC*, No 19-MC-522 (PKC), 2020 WL 7496355, at *6-7 (S.D.N.Y. Dec. 21, 2020)); *In re HydroDive Nigeria, Ltd.*, 2013 WL 12155021, at *3 ("Relevancy in this context is 'broadly construed and encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case'") (quoting *In re Veiga*, 746 F. Supp. 2d 8, 21 (D.D.C. 2010)).

Here, B&C's declarations provide far more than a "de minimis showing" as they reflect both "the relevancy of the requested information to the foreign criminal proceedings," *In re B&C KB Holding GmbH*, 2023 WL 1777326, *5, as well as the Austrian prosecutor's obligation under Austrian law to consider the evidence submitted by B&C. Rohregger Decl. ¶ 41. Thus, B&C can, and intends to, use the evidence obtained from Respondents in the Criminal Investigation. *See, e.g., In re Accent Delight*, 869 F.3d at 132 ("the term 'for use' in Section 1782 carries its ordinary meaning—that the requested discovery is 'something that will be employed with some advantage or serve some use in the proceeding'")(quoting *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015)). The Criminal Investigation is currently pending and meets the "reasonable contemplation" test. Thus, this Application satisfies the "for use" requirement of Section 1782.

In sum, Respondent is "located in the [relevant district], the requested discovery is 'for use' in pending criminal proceedings in Austria and Germany, and B&C is an interested party within the meaning of the statute. Consequently, B&C has satisfied the statutory requirements under Section 1782." *In re B&C KB Holding GmbH*, 2023 WL 1777326, *6.

## II.    All Discretionary Factors Favor Granting the Application.

Not only does this Application satisfy the statutory requirements of Section 1782, but each discretionary factor under the Supreme Court's *Intel* decision also favors granting the Application.

### A.    *Discovery is not Sought from a Party to the Foreign Proceeding.*

This factor supports Section 1782 discovery when the discovery target is *not* a participant in the foreign proceeding because "nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Accordingly, courts routinely grant discovery where the respondent is not a party to the foreign proceeding. *See, e.g., In re HydroDive*

*Nigeria, Ltd.*, 2013 WL 12155021, at *3 (granting discovery from non-party after finding that this factor weighs in favor of applicant); *In re Empresa Publica De Hidrocarburos Del Ecuador - EP Petroecuador v. WorleyParsons Int'l, Inc.*, 2020 WL 13412872, at *5 (same); *In re Eurasian Bank Joint Stock Company*, No. 15-MC-106, 2015 WL 6438256 (N.D. Tex. Oct. 21, 2015) (same); *In re Solines*, No. 18-MCc-3680, 2018 WL 2225134 (E.D. La. Apr. 30, 2018), report and recommendation adopted sub nom. *In re Solines*, No. CV 18-3680, 2018 WL 2219357 (E.D. La. May 15, 2018) (same).

Such is the case here. To B&C's knowledge, Respondent is not a target of or otherwise a participant in the Criminal Investigation. Rohregger Decl. ¶ 44. This weighs in favor of granting the instant Application. *See In re B&C KB Holding GmbH*, 2023 WL 1777326, *6 (finding that this factor weighs in favor of B&C's application for Section 1782 discovery); *Intel*, 542 U.S. at 264; *see also In re Clerici*, 481 F.3d 1324, 1335 (11th Cir. 2007) (finding that this factor weighs in favor of Section 1782 discovery from a respondent who is a party to the foreign proceeding but has left the jurisdiction).

**B.    *The Foreign Tribunal is Receptive to the Requested Discovery.***

This factor would weigh against granting a Section 1782 application only if there is "a 'clear directive' from the foreign tribunal that it 'would reject evidence' produced in the United States." *Eni Ghana Expl. & Prod. Ltd v. Gaffney Cline & Assocs., Inc*, No. 22-MC-01285, 2022 WL 3156224, at *4 (S.D. Tex. Aug. 8, 2022) (finding that the second *Intel* factor favors the application in the absence of "authoritative proof" that the Ghanaian courts would reject the requested discovery), (quoting *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 377 (5th Cir. 2010)); *In re Consumer Ct. of Istanbul in Istanbul, Turkey*, 2021 WL 6750936, at *2 (same re

Turkish courts); *Maxell, Ltd. v. Apple Inc.*, No. 19-CV-36 (RWS), 2021 WL 3012355, at *3 (E.D. Tex. Jan. 27, 2021) (same re German courts).

Here, B&C has submitted a declaration of Austrian counsel explaining that evidence obtained through this Application will be usable in the Criminal Investigation. *See* Rohregger Decl. ¶¶ 40-41. Thus, just like in *In re B&C KB Holding GmbH*, here too, the second *Intel* factor "weighs in favor of granting B&C's application." *See* 2023 WL 1777326, *7.

### C.     B&C is not Circumventing any Foreign Law Proof-Gathering Restrictions.

B&C is not seeking to circumvent the foreign tribunal's discovery methods and restrictions. The third *Intel* factor requires this Court to consider "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. There is no requirement, however, to prove that the evidence sought is discoverable in the foreign jurisdiction. *Intel*, 542 U.S. at 247, 259-263 (holding that Section 1782 "contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding").

Furthermore, there is no local exhaustion requirement, and a district court may not refuse a Section 1782 discovery request just because a foreign tribunal has not yet had the opportunity to consider discovery or rule on the admissibility of evidence that might be generated from Section 1782 discovery. *Intel*, 542 U.S. at 261 (noting that the text of Section 1782 does not contain any generally applicable foreign-discoverability rule); *In re HydroDive Nigeria, Ltd.*, 2013 WL 12155021, at *4 ("Section 1782 does not require [applicant] to seek discovery in the foreign jurisdiction before seeking the assistance of a district court") (quoting *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997)); *In re Eurasian Bank Joint Stock Company*, 2015 WL 6438256, at *4 (accepting applicant's argument that it is not required to request the discovery in the foreign

proceeding before filing the Section 1782 application, and concluding that the third factor weighs

in favor of granting discovery); *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3012355, at \*3-4 (finding no

circumvention even though the applicant could not require respondent to produce the requested

materials in the foreign proceeding).    Accordingly, circumvention will not be found merely

because the requested documents "cannot be obtained in a foreign proceeding." *Id.*, (quoting *In*

*re Accent Delight Int'l Ltd.*, 791 F. App'x 247, 251 (2d Cir. 2019)).

In *In re B&C KB Holding GmbH*, the respondents argued that the application was an

attempt by B&C to obtain discovery for another proceeding, an arbitration between B&C and the

LG Sellers, and that B&C was attempting to circumvent certain restrictions in obtaining discovery

in that arbitration proceeding. *See* 2023 WL 1777326, \*7.  Judge Figueredo, however, found "no

support in the record" for this argument. *Id.*  Judge Figueredo added that, "provided the statutory

and discretionary criteria are satisfied, as they are here, a Section 1782 application should not be

denied merely because the discovery material may have potential other uses by the [applicant]."

*Id.* (quoting *In re Al-Attabi*, No. 21-MC-207 (VSB) (RWL), 2022 WL 229784, at \*9 (S.D.N.Y.

Jan. 26, 2022)).

Under Austrian law, B&C will be able to provide lawfully obtained evidence to the

Austrian prosecutor to aid its Criminal Investigation. *See* Rohregger Decl. ¶¶ 40-41.  Thus, the

third *Intel* factor also weighs in favor of granting the Application.

### D.    *The Discovery Requests are not Unduly Intrusive or Burdensome.*

Lastly, B&C's discovery requests are not unduly intrusive or burdensome.  A district court

evaluating a Section 1782 discovery request should assess whether the discovery sought is

overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal

Rules of Civil Procedure. *Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d at 556 (Once an

applicant has "made the requisite showing in its Section 1782 application," "the normal federal discovery rules appl[y]"); *see also Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*, 613 Fed App'x at 322 (5th Cir. 2015) (Even where a court concludes that the discovery requests are overbroad, "modification of a subpoena is preferable to quashing it outright")(quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

Here, B&C is the victim of the conduct under Criminal Investigation, through which it was induced to pay EUR 258.4 million plus additional consideration for a controlling share in the Schur Flexibles Group that turned out to be worthless and from which its executives and directors may have looted millions of additional Euros. B&C has a great interest in ensuring that this matter is fully investigated by the Austrian prosecutor and that those responsible are brought to justice.

As an investor in the LG Funds that ultimately own AF Coop, Respondent is believed to have received a portion of the Sale Proceeds and have information regarding the Sale. Furthermore, because it appears that Respondent has been invested in the LG Funds since at least 2016 when AF Coop and LGE acquired the Schur Flexibles Group and when the Sale occurred in 2021, and thereafter, Respondent is expected to have had communications with representatives of AF Coop (and/or Lindsay Goldberg and Dees) about Schur Flexibles Group. *Id.* This information is relevant to the Criminal Investigation.

B&C has prepared targeted discovery requests, which seek six categories of documents and seven topics of deposition testimony for use in the Criminal Investigation. In *In re B&C KB Holding GmbH*, Judge Figueredo considered the scope of B&C's requests and concluded that "each request is targeted at a topic relevant to the criminal investigations." 2023 WL 1777326, *7. Judge Figueredo further held that "the time frame for the requested information"—January 1,

2016 through the present—"is plainly relevant to the allegations at the heart of the criminal investigations." *Id.*

B&C's discovery requests from Respondent here are significantly narrower than those submitted in *In re B&C KB Holding GmbH*, and are therefore appropriately tailored to capture evidence to assist in the pending Criminal Investigation. Thus, the requests are not "unduly intrusive or burdensome" and the fourth and final *Intel* factor weighs in favor of granting the Application as well.

## CONCLUSION

WHEREFORE, Applicant B&C KB Holding GmbH respectfully petitions this Court to enter the proposed Order, authorizing issuance of the subpoenas (attached as Exs. A-B to Rosenbaum Decl.) and directing the Teacher Retirement System of Texas to respond to the subpoenas in accordance with the Order.

Dated:        May 11, 2023

Respectfully submitted,

CLEVELAND | KRIST PLLC

Timothy Cleveland
State Bar No. 24055318
Gerard F. Bifulco
State Bar No. 24130269
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
gbifulco@clevelandkrist.com

Zachary D. Rosenbaum
        (*pro hac vice* motion forthcoming)
Leif T. Simonson

14

(*pro hac vice* motion forthcoming)
zachary.rosenbaum@kobrekim.com
leif.simonson@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
T: +1 212 488 1200
F: +1 212 488 1200

*Attorneys for Applicant*
*B&C KB Holding GmbH*