IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE MATTER OF THE APPLICATION OF B&C KB HOLDING GMBH FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FROM THE TEACHER RETIREMENT SYSTEM OF TEXAS | § § § § § § § § § No. 1:23-MC-00529 |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Movant Teacher Retirement System of Texas's ("TRS") Motion to Quash the subpoenas and production of documents and a deposition, Dkt. 6. The motion concerns subpoenas and requests for production and a deposition B&C KB Holding GmbH issued to TRS under 28 U.S.C. § 1782, Dkt. 1. Having considered the parties' arguments, both in the briefing and at the hearing, the undersigned recommends that the District Judge grant TRS's motion.

I.      BACKGROUND

TRS is a state entity under the Texas Constitution charged with providing "benefits for persons employed in the public schools, colleges, and universities supported wholly or partly by the state." Dkt. 6, at 2 (quoting Tex. Const. Art. XVI, § 67(b)). As part of that mission, TRS invested in two private equity funds managed by an affiliate of Lindsay Goldberg ("LG Funds"). *Id.* at 3. B&C alleges that it entered

1

a purchase transaction with an entity related to the LG Funds—Lindsay Goldberg Europe GmbH—in which B&C acquired 80% of an Austrian packaging company for approximately $300 million and that it was defrauded in connection with the sale. Dkt 1, at ¶¶ 3-4. Austrian authorities are pursuing a criminal investigation into the matter. *Id.* at ¶¶ 7-12.

B&C filed an action for discovery under 28 U.S.C. § 1782 against Lindsay Goldberg and Michael Dees, which was granted by the Southern District of New York. Dkt. 11, at 1-3. B&C alleges that those respondents have engaged in dilatory tactics, including appealing to the Second Circuit and moving to quash the subpoenas. *Id.* at 3. Accordingly, B&C also filed § 1782 actions seeking discovery from four investors, including TRS, all of which were state pension funds, for the purpose of requesting information to be turned over to Austrian prosecutors. Dkt. 6, at 4.[1]

TRS now seeks to quash that request on four grounds. First, TRS argues that it is protected by sovereign immunity. *Id.* at 6. Second, TRS claims that the text of § 1782 does not permit discovery against state agencies. *Id.* at 11. Third, TRS says that the requested discovery is duplicative, unduly burdensome, and for the purpose of harassment. *Id.* at 12. Finally, TRS argues that the subpoenas should be quashed because they are for an impermissible purpose under § 1782. *Id.* at 16. Alternatively, TRS requests that compliance with the subpoenas should be stayed pending

---

[1] *See In re the Application of B&C KB Holding GmbH for an Order to Take Discovery Pursuant to 28 U.S.C. 1782 From the State of Wisconsin Investment Board*, No. 3:23-MC-6 (SLC) (W.D. Wisc. May 11, 2023); *In re Matter of the Application of B&C KB Holding GmbH for an Order to Take Discovery Pursuant to 28 USC § 1782 from New York State Common Retirement Fund*, No. 1:23-MC-0015 (DNH/CFH) (N.D.N.Y. May 11, 2023); *In re Matter of the Application of B&C KB Holding GmbH for an Order to Take Discovery Pursuant to 28 USC § 1782 from the Teachers' Retirement System of Louisiana*, No. 3:23-cv-00365 (M.D. La. June 19, 2023).

resolution of the action in the Southern District of New York, or significantly narrowed to only production of non-duplicative documents. *Id.* at 20.

## II.   LEGAL STANDARDS

### A.   Sovereign Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. "[S]overeign immunity protects not only states from suit in federal court, but also arms of the state." *U.S. Oil Recovery Site PRP Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501 (5th Cir. 2018) (quotation omitted); *see also, e.g.*, *Daniel v. Univ. of Texas Sw. Med. Ctr.*, 960 F.3d 253, 257 (5th Cir. 2020) ("We have held that public universities are entitled to sovereign immunity as arms of the state.").

The Fifth Circuit has developed a six-factor test to determine whether an agency is an "arm of the state and thus entitled to sovereign immunity." *U.S. ex rel. Barron v. Deloitte & Touche, L.L.P.*, 381 F.3d 438, 440 (5th Cir. 2004). Those factors are:

> (1) whether the state statutes and case law view the agency as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; (6) whether the entity has the right to hold and use property.

*Id.* (cleaned up) (citing *Hudson v. City of New Orleans*, 174 F.3d 677, 679 (5th Cir. 1999)). This test, known as the *Clark* test,[2] "seeks to determine 'if the state is the real, substantial party in interest because the suit seeks to impose a liability which must be paid from public funds in the state treasury.'" *Id.* (quoting *Hudson*, 174 F.3d at 681).

### III.  DISCUSSION

Since sovereign immunity is jurisdictional, the undersigned will address the parties' sovereign-immunity arguments first. *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) ("Sovereign immunity is jurisdictional."). Because the undersigned concludes that sovereign immunity requires granting the Motion to Quash, Dkt. 6, there is no need to consider the parties' other arguments.

"[A]s the Constitution's structure, its history, and the authoritative interpretations by th[e Supreme] Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999). "While state sovereign immunity is sometimes described as Eleventh Amendment immunity, the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *U.S. Oil*, 898 F.3d at 501 (quotations omitted).

---

[2] Referencing *Clark v. Tarrant Cnty.*, 798 F.2d 736, 744-45 (5th Cir. 1986).

Sovereign immunity protects not only the State itself, but also "arms of the state." *Id*. That "comport[s] with the common-sense notion that a plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of a State rather than the State itself." *Richardson v. S. Univ.*, 118 F.3d 450, 452 (5th Cir. 1997). *See also Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986) ("The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department.").

Using the *Clark* factors, courts in the Fifth Circuit have routinely held that entities like TRS are arms of the State and entitled to sovereign immunity. For example, the Fifth Circuit has often held that public university defendants are immune from suit. *See, e.g.*, *U.S. Oil*, 898 F.3d at 501-02 ("We have likewise held that state sovereign immunity applies to other universities implicated in this appeal in unpublished decisions, including the University of Houston, the University of Texas System, Texas State University, and Texas Southern University."); *United Carolina Bank v. Bd. Of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 556-61 (5th Cir. 1982) (holding that Stephen F. Austin State University is entitled to sovereign immunity); *Gay Student Servs. v. Tex. A&M Univ.*, 737 F.2d 1317, 1333-34 (5th Cir. 1984) (holding that sovereign immunity bars damages awards against Texas A&M University).

B&C argues that TRS fails on the second *Clark* factor—the source of the entity's funding. Dkt. 11, at 4-5. The Fifth Circuit has "held that the most important factor in assessing an entity's eligibility under the Eleventh Amendment is 'whether

funds to defray any award would be derived from the state treasury.'" *Jacintoport Corp. v. Greater Baton Rouge Port Comm'n*, 762 F.2d 435 (5th Cir. 1985) (quoting *Laje v. R. E. Thomason Gen. Hosp.*, 665 F.2d 724, 727 (5th Cir. 1982)). B&C contends that, because it is not seeking an award of damages, TRS fails the *Clark* test.

But recent Fifth Circuit precedent instructs that we should not treat the second *Clark* factor as a requirement for sovereign immunity. In *Russell v. Jones*, plaintiffs served subpoenas on county district-court judges who handled felony cases, seeking information on the judges' role in the bail system. 49 F.4th 507, 510-11 (5th Cir. 2022). Much as B&C argues here, plaintiffs in *Russell* argued that because the judges were third parties to the litigation, rather than defendants, they were not entitled to sovereign immunity. In other words, they claimed that sovereign immunity only applies to defendants, and because the Felony Judges are not defendants, the State is not either. *Id.* at 513. The Fifth Circuit disagreed. While "states-as-defendants are the usual recipients of state sovereign immunity," "sovereign immunity respects a broader berth." *Id.* "[T]he indignity that sovereign immunity was designed to prevent may arise *either* when the state is a defendant *or* when its sovereign prerogatives are subjected to individuals through coercive judicial process." *Id.* at 514.

This Court has likewise found that TRS is an "arm of the state and thus entitled to sovereign immunity." *U.S. ex rel. Barron,* 381 F.3d at 440. In *Kirby v. Health Care Service Corporation*, the Court found that Blue Cross Blue Shield was entitled to sovereign immunity by merit of its relationship with TRS. 88 F. Supp. 3d 717, 723 (W.D. Tex. 2015). If Blue Cross qualifies as an arm of the State by merit of

its relationship with TRS, then TRS qualifies as an arm of the State on its own. Similarly, in *Texas Cnty. & Dist. Ret. Sys. v. Wexford Spectrum Fund, L.P.*, 953 F. Supp. 2d 726, 728-31 (W.D. Tex. 2013), the Court held that the Texas County and District Retirement System, another state retirement fund established by the Texas Constitution and the Texas Government Code like TRS, was entitled to assert sovereign immunity as an arm of the State.

In light of those decisions, the undersigned concludes that TRS is an arm of the State, that it is qualified to sovereign immunity, and that sovereign immunity prohibits the subpoenas at issue. Accordingly, the undersigned recommends that the Court quash B&C's subpoenas.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court grant TRS's Motion to Quash, Dkt. 6.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 16, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE